HENG WANG & ASSOCIATES, P.C.
305 Broadway, Suite 1000
New York, NY 10007
Tel:      (212) 203-5231
Fax:      (212) 203-5237
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------x
Luis Jaramillo,

Plaintiff,

- against -

Ben Ashkenazy, Debra K. Ashkenazy, Ashkenazy
Acquisition Corp., Top Line Management LLC,
AAC Management Corp., Company ABC 1-5

Defendants.
---------------------------------------------------------------------x

**FIRST AMENDED COMPLAINT**

**Case No. 20-cv-10386**

**JURY TRIAL DEMANDED**

Plaintiff Luis Jaramillo (hereinafter referred to as "Jaramillo"), by and through his attorneys Heng Wang & Associates, P.C., hereby alleges upon information and belief as follows:

**THE PARTIES**

1.  Plaintiff is an individual residing in the State of New York, County of Queens.

2.  Defendant Ben Ashkenazy resides in the State of New York, County of New York.

3.  Defendant Debra K. Ashkenazy resides in the State of New York, County of New York.

4.  Defendant Ashkenazy Acquisition Corp. is an entity formed in the State of New York on February 8, 1993.

5.  Defendant Ben Ashkenazy is the owner, chairman of the board, and chief executive officer of Ashkenazy Acquisition Corp.

6.  Defendant Top Line Management LLC is an entity formed in the State of New York on April 26, 2004.

1

7.  Defendant AAC Management Corp. is an entity formed in the State of New York on November 10, 2000.

8.  Defendant Ben Ashkenazy is the chief executive officer of AAC Management Corp.

9.  Company ABC 1-5 are fictitious names of entities associated with Defendants, whose true names are known at this time.

10. All corporate defendants are controlled by Defendant Ben Ashkenazy, and are his alter egos.

## FACTS

11. Plaintiff Jaramillo was employed by Defendants from August 1998 to April 2020.

12. Plaintiff worked for Defendants as a driver.

13. The corporate defendants, including without limitation Ashkenazy Acquisition Corp., Top Line Management LLC, AAC Management Corp., and Company ABC 1-5, put Plaintiff on their payroll and issued paystubs and tax documents to Plaintiff, and were involved in decision making in connection with Plaintiff's employment, including the decision to terminate Plaintiff's employment.

14. At all material times, the corporate defendants were joint employers of the Plaintiff within the meaning of the Fair Labor Standards Act (the "FLSA") and the New York Labor Law (the "NYLL").

15. Upon information and belief, each corporate defendant had gross revenues in excess of $500,000.

16. Plaintiff Jaramillo worked five (5) days a week during his employment.

17. Plaintiff generally started to work at 7 am in the morning, and finished his work at 8:30 pm.

18. Plaintiff generally worked for more than 13.5 hours per day, more than 67.5 hours per week during his employment.

19. Defendants' payroll records seem to show that at all material times, they paid Plaintiff an annual salary of $60,000 per year. However, Plaintiff's actual salary was $72,000 per year. This is because of a private agreement made between Plaintiff and Ben Ashkenazy in 2003. Pursuant to that agreement, as Plaintiff's employment benefits, Defendants would withhold $500 of Plaintiff's wages each month, and would match it with a $500 contribution, which means Plaintiff would be entitled to an additional amount of $1,000 per month, on top of his $60,000 annual salary.

20. At all relevant times herein, the New York Labor Law, and the supporting New York State Department of Labor regulations required Defendants to pay Plaintiff overtime wages at a wage rate of 1.5 times their regular rate for hours worked in excess of forty hours per week.

21. Despite the long hours Plaintiff worked, Defendants willfully failed to pay Plaintiff overtime pay for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the NYLL, and the supporting New York State Department of Labor regulations.

22. Plaintiff's employment was terminated on or about July 20, 2020.

23. During Plaintiff's employment, Ben Ashkenazy and Debra K. Ashkenazy had power to hire and fire, supervised and controlled Plaintiff's work schedules or conditions of employment, determined the rate and method of payment, and were responsible for maintaining employment records.

24. During Plaintiff's employment, Plaintiff was subject to Defendant Debra K. Ashkenazy's direct supervision on a daily basis.

25. During Plaintiff's employment, Defendant Ben Ashkenazy made all major employment decisions concerning Plaintiff.

26. At all material times, the corporate defendants were Ben Ashkenazy's alter egos. These entities were owned and/or controlled by Ben Ashkenazy, who would put Plaintiff on the payroll of whichever of these entities as he wished.

27. Defendants commingled business and personal funds. For instance, Ben Ashkenazy used corporate funds to pay his family expenses.

28. Defendants failed to pay Plaintiff full wages that he was entitled to.

29. Throughout Plaintiff's employment, Defendants never provided any annual wage notice to Plaintiff.

30. In addition, the pays tubs issued to Plaintiff failed to reflect the correct wages paid to Plaintiff, in violation of the Wage Theft Prevention Act.

31. On early November, 2020, Plaintiff, through his counsel, filed a lawsuit against Defendants, wherein he asserted various wage-and-hour claims under the Fair Labor Standards Act and the New York Labor Law.

32. Upon learning of the filing of this lawsuit, Defendant Ben Ashkenazy became extremely angry, and called Plaintiff right away.

33. During this phone call, Mr. Ashkenazy demanded Plaintiff to drop the wage-and-hour lawsuit, and threatened that otherwise, he would file claims against Plaintiff.

34. On November 11, 2020, Defendant Ashkenazy Acquisition Corp.'s General Counsel David Kriss, Esq. told Plaintiff that Defendant Ashkenazy Acquisition Corp. was the entity that maintained employment records for Plaintiff.

35. Presumably pursuant to Mr. Ashkenazy's instruction, Mr. Kriss threatened to retain outside litigation counsel to file claims against Plaintiff based on the allegations of

certain unpaid loans, knowing those were monies provided to Plaintiff pursuant to the

aforementioned agreement between the parties.


**COUNT I**
**Overtime Wage under Fair Labor Standards Act**

36. Plaintiff realleges and incorporates by reference all allegations in the preceding

    paragraphs as if fully set forth herein.

37. Under the Fair Labor Standards Act (herein after "FLSA"), a plaintiff is entitled to

    receive one and one-half (1.5) times the Plaintiff's regular rate for each hour worked

    above 40 in a given workweek.

38. Defendants failed to pay overtime compensation to Plaintiff for hours he worked in

    excess of forty hours per week to which Plaintiff was entitled under 29 U.S.C. § 206(a), in

    violation of 29 U.S.C. § 207(a)(1).

39. Defendants' conduct is a willful violation of the FLSA within the meaning of 29 U.S.C. §

    255(a).

40. Defendants have not made a good faith effort to comply with the FLSA in regard to

    paying Plaintiff's compensation.

41. As a result of Defendants' actions, Plaintiff has been damaged and is entitled to recover

    unpaid overtime wages and an equal amount in liquidated damages, as well as

    attorney's fees, costs of suit, and interest.


**COUNT II**
**Overtime Wage Under New York Labor Law**

42. Plaintiff realleges and incorporates by reference all allegations in the preceding

    paragraphs as if fully set forth herein.

43. At all relevant times, Defendants employed Plaintiff within the meaning of the New York Labor Law §§ 2 and 651.

44. Defendants willfully violated plaintiff's rights by failing to pay him overtime wages for hours worked in excess of forty hours per week at a wage rate of 1.5 times their regular rate of pay under New York Labor Law 652, in violation of 12 N.Y.C.C.R.R. 142-2.2.

45. Defendants' failure to pay overtime was willful within the meaning of New York labor Law § 663 and supporting regulations.

46. As a result of Defendants' actions, Plaintiff has been damaged and is entitled to recover unpaid overtime wages and an equal amount in liquidated damages, as well as attorney's fees, costs of suit, and interest.

## COUNT III
### Unpaid Wages under NYLL and FLSA

47. Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs as if fully set forth herein.

48. Section 193 of New York Labor Law bars "any deduction" from wages unless it is both authorized and for the employee's benefit.

49. During Plaintiff's employment, Plaintiff did not receive full payment of his wages from Defendants.

50. Under Section 191, if employment is terminated, the employer shall pay the wages not later than the regular pay day for the pay period during which the termination occurred.

51. Defendants have failed to pay the unpaid wages that Plaintiff was entitled to.

52. Defendants' conduct is a willful violation of the NYLL within the meaning of section 198.

53. Defendants' willful failure to pay wages earned by Plaintiff also violated the FLSA.

54. As a result of Defendants' actions, Plaintiff has been damaged and is entitled to recover unpaid wages and an equal amount in liquidated damages, as well as attorney's fees, costs of suit, and interest.

**COUNT IV**
**Wage Theft Prevention Act Under New York Labor Law**

55. Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs as if fully set forth herein.

56. At all relevant times, Defendants employed Plaintiff within the meaning of the New York Labor Law §§ 2 and 651.

57. During Plaintiff's employment, Defendants willfully violated Plaintiff's rights by failing to provide him with the annual notices as required by the Wage Theft Prevention Act.

58. During Plaintiff's employment, Defendants willfully violated Plaintiff's rights by failing to provide him with correct wage statements, as required by the Wage Theft Prevention Act.

59. Due to defendants' New York Labor Law violations, Plaintiff is entitled to recover statutory damages pursuant to the WTPA.

**COUNT V**
**Retaliation Under the Fair Labor Standards Act**

60. Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs as if fully set forth herein.

61. Plaintiff filed this wage-and-hour lawsuit against Defendants pursuant to the applicable federal and state labor law statutes.

62. Plaintiff's filing of this lawsuit is a protected activity under 29 U.S.C. §215(3).

63. Because of Plaintiff's filing of this wage-and-hour lawsuit against Defendants, their retaliation promptly followed.

64. In early November 2020, upon learning of Plaintiff's filing of the lawsuit, Defendant Ben Ashkenazy immediately called Plaintiff. During this phone call, he demanded Plaintiff to drop the lawsuit, and threatened that he would file claims against Plaintiff if Plaintiff did not comply with his demand.

65. Defendants' threat to file claims against Plaintiff, and their subsequent filing of said claims against Plaintiff if they do carry out such an egregious plan, are retaliation against Plaintiff in response to the protected activity engaged in by Plaintiff.

66. Defendants have threatened that if Plaintiff continued to maintain his wage-and-hour claims against Defendants, he would be subject to burdensome claims filed by Defendants.

67. Defendants' retaliatory action is a thinly veiled attempt to deter Plaintiff from pursuing his wage-and-hour claims.

68. Defendants' misconduct constitutes retaliation in violation of 29 U.S.C. §215(3).

69. Plaintiff is entitled to equitable relief and monetary relief, including but not limited to compensatory damages, punitive damages, attorney's fees and costs, and other relief that the Court sees fit.


## COUNT VI
### Retaliation Under the New York Labor Law

70. Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs as if fully set forth herein.

71. Plaintiff's filing of the instant wage-and-hour lawsuit constitutes a protective activity under New York Labor Law §215.

72. Defendants retaliatory conduct described above constitutes retaliation in violation of New York Labor Law §215.

73. Plaintiff is entitled to equitable relief and monetary relief, including but not limited to compensatory damages, punitive damages, attorney's fees and costs, and other relief that the Court sees fit.

<u>COUNT VII</u>
**DECLARATORY JUDGMENT**

74. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

75. The frivolous claims asserted by Defendants against Plaintiff based on the aforementioned purported loans are retaliation under both the FLSA and the NYLL.

76. Defendants manufactured these baseless allegations in order to retaliate against Plaintiff due to his filing of this wage-and-hour lawsuit.

77. Plaintiff seeks a declaratory judgment that Plaintiff is not liable for the alleged loans, and that Defendants' retaliatory conduct constitutes retaliation.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the following relief:

A.  Unpaid wages;

B.  An additional and equal amount as liquidated damages pursuant to the FLSA;

C.  An additional and equal amount as liquidated damages pursuant to N.Y. Lab. Law

   Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor

   regulations;

D.  Punitive damages in connection with the retaliation claims;

E.  A declaratory judgment in Plaintiff's favor, as stated in Count VII;

F.  Pre-judgment interest;

G.  Post-judgment interest;

H.  Attorneys' fees and costs of the action; and

I.  Such other relief as this Court shall deem just and proper.


### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised in this pleading.


Dated: January 10, 2021


_____

By: Heng Wang, Esq.
Heng Wang & Associates, P.C.
305 Broadway, Suite 1000
New York, NY 10007
Tel:    (212) 203-5231
Fax:    (212) 203-5237
heng.wang@wanggaolaw.com

*Attorneys for Plaintiff*