**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LUIS JARAMILLO,<br><br>                         Plaintiff,<br><br>vs.<br><br>BEN ASHKENAZY, DEBRA K. ASHKENAZY, ASHKENAZY ACQUISITION CORP., TOP LINE MANAGEMENT LLC, AAC MANAGEMENT CORP., COMPANY ABC 1-5,<br><br>                         Defendants. | Docket No.: 1:20-cv-10386 (MKV)(KHP)<br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT** |

Defendants Ben Ashkenazy, Debra K. Ashkenazy, Ashkenazy Acquisition Corp., Top Line Management LLC, and AAC Management Corp. (hereinafter collectively "Defendants"), by and through their attorneys, Morrison Cohen, LLP, as and for their Answer to Plaintiff Luis Jaramillo's ("Plaintiff") First Amended Complaint (the "Complaint"), state as follows:

### THE PARTIES

    1.    Deny the allegations contained in Paragraph 1 of the Complaint.

    2.    Admit the allegations contained in Paragraph 2 of the Complaint.

    3.    Admit the allegations contained in Paragraph 3 of the Complaint.

    4.    Deny the allegations contained in Paragraph 4 of the Complaint, except admit that Defendant Ashkenazy Acquisition Corp. is a domestic business corporation.

    5.    Deny the allegations in Paragraph 5 of the Complaint, except admit that Defendant Ben Ashkenazy is the chief executive officer and chairman of Defendant Ashkenazy Acquisition Corp.

6. Deny the allegations in Paragraph 6 of the Complaint, except admit that Defendant Top Line Management LLC is a domestic limited liability company.

7. Deny the allegations contained in Paragraph 7 of the Complaint, except admit that Defendant AAC Management Corp. is a domestic business corporation.

8. Admit the allegations contained in Paragraph 8.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10. The allegations contained in Paragraph 10 of the Complaint represent conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 10 of the Complaint.

## FACTS

11. Deny the allegations contained in Paragraph 11 of the Complaint, except admit that Plaintiff worked for Defendants AAC Management Corp. and Top Line Management LLC from 2001 until April 2020.

12. Deny the allegations contained in Paragraph 12 of the Complaint, except admit that Plaintiff worked for Defendants AAC Management Corp. and Top Line Management LLC, as a driver.

13. Deny the allegations contained in Paragraph 13 of the Complaint, except admit that Plaintiff worked for Defendants AAC Management Corp. and Top Line Management LLC from 2001 until April 2020, as a driver.

14. The allegations contained in Paragraph 14 of the Complaint represent conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15. Admit the allegations contained in Paragraph 15 of the Complaint.

16. Deny the allegations contained in Paragraph 16 of the Complaint.

17. Deny the allegations contained in Paragraph 17 of the Complaint.

18. Deny the allegations contained in Paragraph 18 of the Complaint.

19. Deny the allegations contained in Paragraph 19 of the Complaint as unintelligible in that they are purportedly based on Plaintiff's or Plaintiff's counsel's perceptions as opposed to statements of material fact.

20. The allegations contained in Paragraph 20 of the Complaint represent conclusions of law to which no response is required.

21. Deny the allegations contained in Paragraph 21 of the Complaint.

22. Deny the allegations contained in Paragraph 22 of the Complaint.

23. Deny the allegations contained in Paragraph 23 of the Complaint, except admit that Defendant Ben Ashkenazy made certain decisions pertinent to Plaintiff's work from time to time.

24. Deny the allegations contained in Paragraph 24 of the Complaint.

25. Deny the allegations contained in Paragraph 25 of the Complaint.

26. The allegations contained in Paragraph 26 of the Complaint represent conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27. Deny the allegations contained in Paragraph 27 of the Complaint.

28. Deny the allegations contained in Paragraph 28 of the Complaint.

29. The allegations contained in Paragraph 29 of the Complaint represent conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30. Deny the allegations contained in Paragraph 30 of the Complaint.

31. Neither admit nor deny the allegations contained in Paragraph 31 of the Complaint as their sole purpose is to reference the existence of process in this matter.

32. Deny the allegations contained in Paragraph 32 of the Complaint.

33. Deny the allegations contained in Paragraph 33 of the Complaint.

34. Deny the allegations contained in Paragraph 34 of the Complaint.

35. Deny the allegations contained in Paragraph 35 of the Complaint.

### Count I
### Overtime Wage under Fair Labor Standards Act

36. Defendants repeat, re-allege and incorporate by reference their above responses to the allegations contained in Paragraphs 1 through 35 above as if set forth fully and at length herein.

37. The allegations contained in Paragraph 37 of the Complaint represent conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38. Deny the allegations contained in Paragraph 38 of the Complaint.

39. Deny the allegations contained in Paragraph 39 of the Complaint.

40. Deny the allegations contained in Paragraph 40 of the Complaint.

41. Deny the allegations contained in Paragraph 41 of the Complaint.

## Count II
### Overtime Wage under New York Labor Law

42. Defendants repeat, re-allege and incorporate by reference their above responses to the allegations contained in Paragraphs 1 through 41 above as if set forth fully and at length herein.

43. The allegations contained in Paragraph 43 of the Complaint represent conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 43 of the Complaint

44. Deny the allegations contained in Paragraph 44 of the Complaint.

45. Deny the allegations contained in Paragraph 45 of the Complaint.

46. Deny the allegations contained in Paragraph 46 of the Complaint.

## Count III
### Unpaid Wages under NYLL and FLSA

47. Defendants repeat, re-allege and incorporate by reference their above responses to the allegations contained in Paragraphs 1 through 46 above as if set forth fully and at length herein.

48. The allegations contained in Paragraph 48 of the Complaint represent conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49. Deny the allegations contained in Paragraph 49 of the Complaint.

50. The allegations contained in Paragraph 50 of the Complaint represent conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51. Deny the allegations contained in Paragraph 51 of the Complaint.

52. Deny the allegations contained in Paragraph 52 of the Complaint.

53. Deny the allegations contained in Paragraph 53 of the Complaint.

54. Deny the allegations contained in Paragraph 54 of the Complaint.

### Count IV
### Wage Theft Prevention Act Under New York Labor Law

55. Defendants repeat, re-allege and incorporate by reference their above responses to the allegations contained in Paragraphs 1 through 54 above as if set forth fully and at length herein.

56. The allegations contained in Paragraph 56 of the Complaint represent conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57. Deny the allegations contained in Paragraph 57 of the Complaint.

58. Deny the allegations contained in Paragraph 58 of the Complaint.

59. Deny the allegations contained in Paragraph 59 of the Complaint.

### Count V
### Retaliation Under the Fair Labor Standards Act

60. Defendants repeat, re-allege and incorporate by reference their above responses to the allegations contained in Paragraphs 1 through 59 above as if set forth fully and at length herein.

61. Neither admit nor deny the allegations contained in Paragraph 61 of the Complaint as their sole purpose is to reference the existence of process in this matter.

62. The allegations contained in Paragraph 62 of the Complaint represent conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 62 of the Complaint.

63. Deny the allegations contained in Paragraph 63 of the Complaint.

64. Deny the allegations contained in Paragraph 64 of the Complaint.

65. Deny the allegations contained in Paragraph 65 of the Complaint.

66. Deny the allegations contained in Paragraph 66 of the Complaint.

67. Deny the allegations contained in Paragraph 67 of the Complaint.

68. Deny the allegations contained in Paragraph 68 of the Complaint.

69. Deny the allegations contained in Paragraph 69 of the Complaint.

## Count VI
## Retaliation Under the New York Labor Law

70. Defendants repeat, re-allege and incorporate by reference their above responses to the allegations contained in Paragraphs 1 through 69 above as if set forth fully and at length herein.

71. The allegations contained in Paragraph 71 of the Complaint represent conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 71 of the Complaint.

72. Deny the allegations contained in Paragraph 72 of the Complaint.

73. Deny the allegations contained in Paragraph 73 of the Complaint.

## Count VII
## Declaratory Judgment

74. Defendants repeat, re-allege and incorporate by reference their above responses to the allegations contained in Paragraphs 1 through 73 above as if set forth fully and at length herein..

75. Deny the allegations contained in Paragraph 75 of the Complaint.

76. Deny the allegations contained in Paragraph 76 of the Complaint.

77. The allegations contained in Paragraph 77 of the Complaint represent conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 77 of the Complaint.

## PRAYER FOR RELIEF

78. Deny that Plaintiff is entitled to any of the relief requested in the AD DAMNUM Clause of the Complaint, including all subsections thereof.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses without assuming any burden of production or proof that it would not otherwise have. Defendants reserve the right to amend this answer and assert such additional defenses as may appear and prove applicable during the course of the litigation.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's claims, in whole or in part, fail to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

3. Plaintiff's claims for damages against Defendants are barred, as the alleged damages, if any, are speculative and impossible to ascertain.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

4. The Court lacks jurisdiction over Plaintiff's claims as they are subject to arbitration agreements requiring Plaintiff to submit the claims to binding arbitration.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff was paid in full for all compensation due and owing him for work performed.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff was properly paid for all work time, but should it be determined that some hours of work were not properly paid—which Defendants specifically deny—such amount was negligible and *de minimis* and the Court should deny any recovery for such claim.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

7. Defendants acted in good faith and upon reasonable grounds for believing they were not violating applicable law.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiff is barred from recovery of some or all of the damages sought because they are not authorized by the FLSA, the NYLL, the Constitution of the State of New York and/or the United States Constitution, or any other federal or state law upon which Plaintiff purports to assert a claim.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

9. Plaintiff's claims are barred in whole or in part by estoppel.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

10. Plaintiff's claims are barred in whole or in part by waiver.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiff's claims are barred by unclean hands.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

12. Plaintiff's claims are barred because Plaintiff failed to exhaust his administrative remedies.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

13. Plaintiff failed to mitigate his damages, if any.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

14. If Plaintiff sustained any damages, the damage was caused by others for whose conduct Defendants cannot be held legally responsible.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

15. Defendants at all times, in all manners, acted in accordance with any and all duties and obligations under the FLSA and its regulations and the NYLL and its regulations.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

16. Defendants did not willfully deprive Plaintiff of any wages to which he may have been entitled.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

17. If Plaintiff has sustained any damages, then Defendants are entitled under the equitable doctrine of setoff and recoupment, statutory exclusions, exceptions, or credits to offset all potential remuneration owed to Plaintiff, and liability to Plaintiff has been fully or partially satisfied by the payment of additional compensation beyond what Defendants actually owed.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

18. All of Defendants' actions with respect to Plaintiff's employment were taken for legitimate, non-retaliatory reasons unrelated to any of Plaintiff's alleged complaint(s).

**WHEREFORE**, Defendants demand judgment dismissing the Complaint in its entirety, with prejudice, together with costs, fees (including attorneys' fees) and disbursements incurred defending this action and such other and further relief as the Court deems appropriate.

Dated: New York, New York
January 29, 2021

MORRISON COHEN LLP

/s/ John B. Fulfree
Jeffrey P. Englander
Keith A. Markel
John B. Fulfree
909 Third Avenue
New York, New York 10022
Tel:  (212) 735-8600
Fax:  (212) 735-8708
jenglander@morrisoncohen.com
kmarkel@morrisoncohen.com
jfulfree@morrisoncohen.com

*Attorneys for Defendants Ben Ashkenazy, Debra K. Ashkenazy, Ashkenazy Acquisition Corp., Top Line Management LLC, and AAC Management Corp.*